UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS

DOUG WELBORN, ET AL.

CIVIL ACTION

NO. 11-32-JJB

## RULING

This matter is before the Court on motions to dismiss filed by defendants Judge A.J. Kling, Jr. (doc. 13), East Baton Rouge Family Court (doc. 14), and Doug Welborn (doc. 15). Plaintiff opposed these motions (docs. 18 & 19), and Welborn filed a reply (doc. 20). Oral argument is not necessary.

Plaintiff's complaint (doc. 1) alleges that the defendants violated his civil rights by denying him due process and equal protection. Plaintiff alleges, for instance, that other litigants' court filings were processed while his were not. Plaintiff complains that other litigants were provided with counsel while plaintiff was not. Plaintiff also alleges that Judge Kling engaged in ex parte meetings and that Welborn, as clerk of court, mistakenly called plaintiff to come to the judge's chambers. Each defendant seeks dismissal of plaintiff's complaint.

East Baton Rouge Family Court seeks dismissal of plaintiff's complaint against it, contending that East Baton Rouge Family Court is not a juridical entity capable of being sued. The capacity of an entity to sue or be sued is determined by the law of the state in which the district court is located. Fed R. Civ. P. 17(b); *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). The court is persuaded by the extensive discussion in the Family Court's memorandum (doc.

1

14-1) regarding the statutory and case law applicable to this issue. Plaintiff has not disputed these assertions. As such, East Baton Rouge Family Court's motion (doc. 14) should be granted, and plaintiff's claims against East Baton Rouge Family Court should be dismissed.

Judge Kling seeks dismissal of plaintiff's complaint based on judicial immunity. Judge Kling correctly asserts that he is entitled to judicial immunity for his judicial acts as a Louisiana state court judge. State court judges enjoy judicial immunity from civil liability arising out of performance of their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). While there are exceptions to judicial immunity—for non-judicial actions and complete absence of all jurisdiction—neither of these is alleged in the complaint. *Id.* at 11-12. The allegations in the complaint (doc. 1) only address actions or inactions undertaken in the performance of Judge Kling's judicial duties. As such, Judge Kling is entitled to judicial immunity, and plaintiff's claims against him should be dismissed.

Welborn seeks dismissal of plaintiff's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Welborn has established that he was never served with the Complaint in this matter and asserts that dismissal is appropriate because service of process was insufficient under Rule 12(b)(5). Welborn acknowledges that plaintiff is entitled to rely on the U.S. Marshall Service to serve defendants and that plaintiff may not be penalized for

ineffective service of process that occurs through no fault of his own. However, Welborn contends that plaintiff was not faultless as he provided the Marshalls with the wrong information in order to serve Welborn. While Welborn is likely correct on this matter, because dismissal is warranted under Rule 12(b)(6), the service of process issue is not crucial to our ruling.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50. Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950.

The allegations in plaintiff's complaint are largely conclusory.[1] Considering the factual allegations which, alone, are entitled to a presumption of truth, the court finds that plaintiff has failed to state a claim to relief that is plausible on its face. Plaintiff's complaint contends, "plaintiff's pleadings showing contempt of court . . . have been delayed due to . . . malfeasance and bias and prejudice of defendants." Plaintiff alleges that his pleadings have gone "unprocessed and placed on the docket whereas the [pleadings of defendant in that case] have been processed and heard" (doc. 1). Also, plaintiff alleges, "[t]he Clerk of Court [Welborn] on many occasions called Plaintiff by mistake asking for [other litigant or litigant's attorney] to come to Judge's chambers or call the court" (doc. 1). These allegations are insufficient to state any legally cognizable claim to relief against Welborn. Additionally, in light of applicable §1983 law,[2] the court finds any amendment of plaintiff's complaint would be futile.

Accordingly, the defendants' motions (docs. 13, 14, 15) to dismiss are granted, and plaintiff's complaint (doc. 1) is HEREBY DISMISSED.

Signed in Baton Rouge, Louisiana, on June 7, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] *See, e.g.* doc. 1, p. 2: "Defendants rejected to perform their administrative duties, all to violate the Civil Rights and Due Process rights of Plaintiffs." "Plaintiff, an African American, male has been shown bias and prejudice through the denial of his Due Process and Civil Rights." *Id.*

[2] *See* doc. 15-1, pp. 5-8. Whether Welborn is considered a state or municipal official and whether the suit is brought against him in his individual capacity, official capacity, or both, the plaintiff does not appear to be entitled to any relief from this court.